IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-01770-EWN-CBS

JAMES JEFFRYES,

    Plaintiff,
v.

THE HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY, and
THE HARTFORD DISABILITY INCOME POLICY, an ERISA welfare benefit plan,

    Defendants.

**ORDER REGARDING PLAINTIFF' MOTION TO CLARIFY
PLAINTIFF'S RIGHT TO CONDUCT DISCOVERY**

Magistrate Judge Craig B. Shaffer

    THIS MATTER comes before the court on Plaintiff Jeffryes's Motion to Clarify Plaintiff's Right to Conduct Discovery (Document # 20), dated January 24, 2006. Attached to Mr. Jeffryes' Motion was Plaintiff's First Set of Interrogatories and Requests for Production of Documents. Defendants filed a Response (Document # 25) on February 13, 2006. This court heard argument on the instant motion during a hearing on February 22, 2006. At the conclusion of that hearing, the court granted the parties leave to file supplemental briefs. Plaintiff Jeffryes filed his Supplemental Brief (Document # 31) on March 20, 2006. The Hartford Defendants filed their Supplemental Brief (Document # 38) on April 7, 2006. The court has carefully considered the parties' briefs, the arguments of counsel during the February 22nd hearing, the entire file and the applicable case law.

    Rule 26(b)(1) of the Federal Rules of Civil Procedure permits discovery "regarding any

1

matter . . . that is relevant to the claim or defense of any party" or discovery of any information that "appears reasonably calculated to lead to the discovery of admissible evidence." *See* Fed.R.Civ.P. 26(b)(1). *See also Williams v. Board of County Commissioners*, 192 F.R.D. 698, 702 (D. Kan. 2000) (a request for discovery should be considered relevant if there is any possibility the information sought may be relevant to a claim or defense). This broad right of discovery does not specifically exclude cases brought under the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1132(a)(1)(B). However, the court also believes that discovery issues in ERISA cases must be evaluated in light of the policy objectives underlying that statute. "A primary goal of ERISA was to provide a method for workers and beneficiaries to resolve disputes over benefits inexpensively and expeditiously." *Perry v. Simplicity Engineering*, 900 F.2d 963, 967 (6th Cir. 1990). "ERISA was enacted to promote the interests of employees and their beneficiaries in employment benefit plans and to protect their contractually defined benefits." *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 113 (1989). Rule 26(b)(2) provides the court with considerable discretion to harmonize these competing interests. The court is permitted to limit the frequency or extent of use of discovery methods if it determines, *inter alia*,

> the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount of the controversy, . . . the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

*See* Fed.R.Civ.P. 26(b)(2).

In this case, the parties agree that The Hartford's dual capacity as claims administrator and insurer of the Plan triggers the "less deferential" standard of review adopted by the Tenth Circuit

in *Fought v. UNUM Life Ins. Co. of America*, 379 F.3d 997, 1006 (10th Cir. 2004), *cert. denied*, 125 S.Ct. 1972 (2005). Under that analysis, The Hartford assumes the burden "of proving the reasonableness of its decision pursuant to the traditional arbitrary and capricious standard" of review. *Id.* "In such instances, the plan administrator must demonstrate that its interpretation of the terms of the plan is reasonable and that its application of those terms to the claimant is supported by substantial evidence." *Id.* "Indicia of arbitrary and capricious actions include a lack of substantial evidence, a mistake of law, and bad faith." *Buchanan v. Reliance Standard Life Insurance Co.*, 5 F. Supp.2d 1172, 1180 (D. Kan. 1998). However, the Tenth Circuit also has recognized that "in determining whether the plan administrator's decision was arbitrary and capricious, the district court generally may consider only the arguments and evidence before the administrator at the time it made that decision." *Sandoval v. Aetna Life & Casualty Insurance Co.*, 967 F.2d 377, 380 (10th Cir. 1992).

   Apparently, Defendants have produced the administrative record and plan documents pertaining to the claim determination in this case. In light of that production, Defendants contend that any additional discovery would not be appropriate or necessary. To the contrary, Plaintiff Jeffryes argues that "limited discovery into The Hartford's claim and decision-making process" is necessary to understand the basis of the claim determination. Having reviewed the case law cited by the parties in their respective briefs, I am not persuaded that an blanket prohibition on discovery in ERISA cases is appropriate or required by the case law. The court will not permit Plaintiff to conduct discovery directed to the factual merits of his claim. *Cf. Caldwell v. Life Insurance Company of North America*, 165 F.R.D. 633, 637 (D. Kan. 1996) (holding that plaintiff was not entitled to pursue discovery that he could or should have presented to the plan

3

administrator before filing his lawsuit).  However, I will permit Mr. Jeffryes, with appropriate limitations, to conduct discovery relating to the procedure by which the Hartford reached its decision or compiled the administrative record.  *Cf. Buchanan v. Reliance Standard Life Insurance Company*, 5 F. Supp.2d at 1181.

IT IS ORDERED that the Motion to Clarify Plaintiff's Right to Conduct Discovery is GRANTED IN PART and DENIED IN PART as follows:

DENIED with respect to Interrogatory Nos. 1 through 6.  The court concludes that any tangential relevance associated with responses to these interrogatories is substantially outweighed by the concomitant burdens, particularly in light of Defendants' concession that Plaintiff's claim is subject to the standard of review established in *Fought*.  *Cf. Farley v. Arkansas Blue Cross & Blue Shield*, 147 F.3d 774, 776 n. 4 (8th Cir. 1998) (recognizing that the district court rarely needs to permit discovery where a conflict of interest is apparent on the face of the administrative record).  *See also Spangler v. Unum Life Ins. Co.*, 38 F. Supp.2d 952, 955 (N.D. Oka. 1999) (holding that additional discovery is not necessary when a conflict of interest is apparent).

DENIED with respect to Interrogatory No. 7.  This discovery request, on its face, seeks to explore the factual underpinnings of The Hartford's claim determination.

DENIED with respect to Interrogatory Nos. 8 and 9.  Interrogatory No. 8 seeks the identity of "each and every" individual "on behalf of Defendant who handled, reviewed, supervised, consulted, *or in any way was involved with the handling, processing or denial of Plaintiff's claim.*"  Interrogatory No. 9 is equally broad, seeking the identity of all medical personnel *"or any other individuals who participated in the process of reviewing Mr. Jeffryes' status."*  These interrogatories are patently overbroad and unduly burdensome by failing to

distinguish between those individuals who had played a substantive role in the claim determination and those individuals who had only de minimis contact with Plaintiff's claim. *Cf. Hiskett v. Wal-Mart Stores, Inc.*, 180 F.R.D. 403, 405 (D. Kan. 1998) (holding that an interrogatory requiring the responding party to identify all facts and each and every witness and document that support the allegations in the complaint was overly broad and unduly burdensome on its face). Theses expansive interrogatories are antithetical to the policies underlying ERISA litigation. I further find that any minimal relevance related to this interrogatory, even in a truncated form, is substantially outweighed by the resulting burdens. *Qwest Communications International, Inc. v. Worldquest Networks, Inc.*, 213 F.R.D. 418, 419 (D. Colo. 2003) ("in every case, the court has the discretion, in the interests of justice, to prevent excessive or burdensome discovery").

DENIED with respect to Interrogatory No. 10, in light of the preceding rulings concerning Interrogatory Nos. 8 and 9.

DENIED with respect to Interrogatory Nos. 11, 12, 3 and 17. These interrogatories seek information directed to the factual merits of Plaintiff's claim and are inconsistent with the limited review permitted by the arbitrary and capricious standard.

DENIED with respect to Interrogatory No.14. As drafted, this interrogatory would require Defendants to identify the amount of benefits at issue "in plaintiff's claim," but then also asks Defendants to answer based upon an incomplete set of assumptions concerning future events. The court determines that the burdens in answering this interrogatory substantially outweigh any marginal relevance, particularly given the speculative nature of the discovery request.

GRANTED with respect to Interrogatory No. 15, to the extent that Defendants will be required to provide a general description of all claims manuals and training and instructional

documents pertaining to the claims review and determination process that were available to the Hartford personnel who were personally involved in the substantive decisions concerning the denial of Mr. Jeffryes' claim. The court does not find that this interrogatory imposes undue burdens on Defendants.

GRANTED with respect to Interrogatory No. 16, to the extent that Defendants will required to identify, in a manner consistent with the procedures set forth in Fed.R.Civ.P. 26(b)(5), any document in the administrative record that has been produced in a redacted form, or any document that was removed from the administrative record prior to its disclosure to Plaintiff's counsel.

GRANTED with respect to Request for Production Nos. 3 and 6, to require the production of all documents identified in the response to Interrogatory No. 15.

GRANTED with respect to Request for Production No. 11, to require the production of all documents describing financial bonuses, incentives, stock options, honors, awards or other compensation available to claims representatives of the Defendants and that related in any way to the approval or denial of long-term disability claims.

GRANTED with respect to Request for Production Nos. 12 and 16, to require the production of all documents reflecting any awards, bonuses, rewards, or incentives, whether financial or not, tied in any way to the approval or denial of claims and given to any employee or other individual involved in the decision-making process regarding Mr. Jeffryes' claim.

GRANTED with respect to Request for Production No.13, to require production of any employment evaluations, performance evaluations or appraisals of any employee or other individual involved in the decision-making process regarding Mr. Jeffryes' claim, to the extent

such evaluations or appraisals were based in any way on the approval or denial of claims.

DENIED as to all other Requests for Production, based upon the court's determination that the burdens of this discovery substantially outweigh its relevance in light of the arbitrary and capricious standard of review. In view of the discovery permitted by this Order, the court will also deny any requests for depositions in this case. *Cf. Panther v. Synthes (USA)*, 371 F. Supp.2d 1267, 1275-76 (D. Kan. 2005) (holding that where a conflict of interest is apparent, depositions of defendant's employees to explore their thought processes would "only lead to the type of open-ended discovery that is contrary to the purpose of ERISA").

IT IS FURTHER ORDERED that Defendants shall provide discovery responses consistent with this Order on or before June 4, 2006.

Dated this 4th day of May, 2006.

BY THE COURT:

*s/Craig B. Shaffer*
United States Magistrate Judge